**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
EASTERN  DIVISION

|  |  |  |
|---|---|---|
| | * | |
| ETHEL CURNE. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 2:06CV00005   SWW |
| | * | |
| AMERICAN GENERAL LIFE AND | * | |
| ACCIDENT INSURANCE COMPANY | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## ORDER

On November 29, 2005, Plaintiff Ethel Curne ("Curne") commenced this lawsuit in state

court against Defendant American General Life and Accident Insurance Company ("American").

On January 5, 2006, American removed the case to this federal court based on diversity of

citizenship between the parties and an amount in controversy exceeding $75,000.   The case is

before the Court on Curne's motion for remand (docket entry #7) and American's motion for

discovery (docket entry #9).  After careful consideration, and for the reasons that follow, the

motion to remand will be granted and the motion for discovery will be denied.

I.

Crune alleges that two life insurance companies, which are not parties to this lawsuit,

issued her hospital confinement indemnity policies ("the policies") that provide daily hospital

indemnity benefits in exchange for monthly premiums.   At some point unknown to Curne, American assumed the non-party insurers' obligations under the policies.

Under the polices, benefits cease once the insured reaches age 65.  Curne alleges that she was unaware of this limitation, and after her 65th birthday (December 4, 1999) she continued to remit monthly premium payments.  It is undisputed that Curne made approximately 54 separate payments of $18.72 and $7.76 to American after she attained age 65.  Curne claims that American accepted her  payments and failed to tell her that she no longer qualified for benefits.

Curne was hospitalized from March 18 through March 20, 2002.  Following her hospitalization, she submitted claims to American for indemnity benefits.  American denied the claims.  Curne charges that American's conduct amounts to bad faith. She alleges that "each and every time [American] accepted premium payments after [she] attained age 65 is a separate and distinct act of bad faith, each carrying with it the assessment of punitive damages for willful, wanton, intentional, and malicious conduct."  Docket entry #2, ¶10.

On January 5, 2006, American removed the case to this federal court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.   On January 17, Curne filed a motion to remand (docket entry #7), asserting that American cannot establish subject matter jurisdiction because the amount in controversy is less than $75,000.   In response to Curne's motion,  American filed a motion for discovery, requesting permission to serve Curne requests for admission which ask her to admit that her total damages do not exceed $75,000.  *See* docket entry #9, Ex. B.

## II.

Under 28 U.S.C. § 1441, a defendant may remove only those cases that originally might

2

have been brought in federal court.  Accordingly, a case may not be removed on the basis of diversity of citizenship unless the amount in controversy exceeds $75,000.  American shoulders the burden to establish jurisdiction, and the Court must resolve all doubts in favor of remand. *See In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993).

Normally, a plaintiff is master of his or her pleadings, and allegations contained in a well-pleaded complaint determine whether a claim arises under federal or state law.  In this case, Curne's complaint contains the following ad damnum clause:

> WHEREFORE, Plaintiff prays for a judgment not to exceed the minimum required for federal jurisdiction in diversity cases; for compensatory damages in an amount less than the minimum required for federal diversity cases; and for punitive damages in an amount to be set by the jury; for a jury trial; and for all other proper relief.

Docket entry #2, at 5.

Despite Curne's explicit prayer for "a judgment not to exceed the minimum required for federal jurisdiction in diversity cases," American argues that Curne's request for punitive damages clearly indicates that she seeks a judgment that exceeds $75,000.  Curne notes that the only sums of money mentioned in her complaint are the premiums she paid after she reached age 65, which total $1,429.92.  Curne argues that "there is no claim by the Plaintiff by which any reasonable person could conclude that the amount in controversy exceeds $75,000."  Docket entry #7, ¶1.

The Eighth Circuit has held that when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . .  must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003) (citing *Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000)).

Given the level of compensatory damages at stake in this case, it is most unlikely that Curne's claims for punitive damages cause her total damages to exceed $75,000. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (noting that few punitive damage awards exceeding a single-digit ratio between punitive and compensatory damages satisfy due process and an award of more than four times that amount of compensatory damages might be "close to the line of constitutional impropriety").   The Court finds that American is unable to show that the amount in controversy exceeds $75,000. *See Marsh v. Yamaha Motor Corp., U.S.A.*, 2005 WL 2043822 (E.D. Ark. Aug. 23, 2005)(granting motion to remand where plaintiff refused to admit damages less than $75,000 in response to request for admissions).

III.

For the reasons stated, the Court finds that American has failed to carry its burden to show that the amount in controversy for diversity jurisdiction is met in this case.  It is therefore ordered that Curne's motion to remand (docket entry #7) is GRANTED, and American's motion for discovery (docket entry #9) is DENIED.  This case is hereby REMANDED to the Circuit Court of St. Francis County, Arkansas pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED THIS 3rd DAY OF MARCH, 2006.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE